1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11
12
13
14
15

| | |
|---|---|
| CLIFFORD GOODWIN,<br><br>                    Petitioner,<br><br>           v.<br><br>DOUG WADDINGTON,<br><br>                    Respondent. | CASE NO. C05-1723-JCC<br><br>ORDER |

16   This matter comes before the Court on Petitioner Clifford Goodwin's petition for writ of habeas

17   corpus under 28 U.S.C. § 2254 (Dkt. No. 1), the Report and Recommendation of United States

18   Magistrate Judge Mary Alice Theiler ("R&R") (Dkt. No. 19), and Petitioner's objections to the R&R

19   (Dkt. No. 20). Having reviewed the materials submitted by the parties and the complete record, and

20   finding that oral argument is not necessary, the Court hereby finds and rules as follows.

21   **I.      BACKGROUND**

22          In 2002, Petitioner was convicted by jury verdict of first degree rape with a deadly weapon under

23   Revised Code of Washington § 9A.44.040(1). (Admin. Record ("AR") (Dkt. No. 16) Ex. 1.) At trial,

24   Respondent submitted DNA tests showing that Petitioner's DNA matched the DNA recovered from a

25   semen stain in the victim's underwear. (AR Ex. 20 at 350.) Technicians from the Washington State

26   ORDER – 1

1 Patrol Crime Laboratory testified that Petitioner's DNA sample matched the DNA evidence to within one

2 in 163 quadrillion other possible matches.  (AR Ex. 20 at 350.)  Before trial, Petitioner told state

3 investigators that if his DNA was in the underwear then he "must have had sex" with the victim.  (AR Ex.

4 22 at 289.)

5       Before trial, state prosecutors and defense counsel stipulated that certain pieces of evidence,

6 including the victim's underwear, would be released to a laboratory in California for independent DNA

7 testing.  (Dkt. No. 1 Ex. A, Stipulation Order.)  The stipulation also required Respondent to notify the

8 defense if "insufficient material exists to split any sample."  (*Id.*)  Several weeks later, defense counsel

9 became aware that the laboratory had not received the victim's underwear as requested.  (AR Ex. 19

10 at 8.)  Once Respondent learned of the error, it mailed the remaining portions of the victim's underwear

11 to the laboratory for testing.  (AR Ex. 19 at 12.)  The independent test confirmed that the DNA

12 recovered from the victim's underwear matched Petitioner's DNA.  (AR Ex. 20 at 303.)

13       Other evidence at trial included the testimony of Detective Steven Rider, a state investigator, who

14 testified that he observed Petitioner during trial using his left hand to take notes and drink water.  (AR

15 Ex. 22 at 292.)  The victim testified at trial that the perpetrator was left handed.  (*Id.* at 187.)  Defense

16 counsel did not object to this portion of Detective Rider's testimony.  (*Id.* at 292–294.)

17       Petitioner appealed his conviction to the Washington State Court of Appeals.  He alleged state

18 and federal due process violations resulting from the mishandling of the evidence and ineffective

19 assistance of counsel.  (AR Ex. 2.)  The court of appeals and the Washington State Supreme Court both

20 affirmed his conviction.  (AR Exs. 3, 6.)  Petitioner later filed a personal restraint petition ("PRP") in the

21 state court of appeals raising the same claims as he did in his direct appeal.  (AR Ex. 9.)  The court of

22 appeals denied his PRP and the state supreme court denied review.  (AR Ex. 12.)  Petitioner then filed a

23 second PRP directly in the state supreme court, raising substantively identical claims as before.  (AR

24 Ex. 14.)  The state supreme court dismissed the petition, and issued its certificate of finality on

25

26 ORDER – 2

1  June 8, 2005.  (AR Exs. 15, 18.)  Petitioner timely filed his federal habeas petition on October 6, 2005.

2  (Dkt. No. 1.)

3          Petitioner raises four claims for federal habeas relief.  In the R&R, Judge Theiler consolidated

4  Petitioner's four claims into three claims because of the substantive similarity of each claim.  (Dkt.

5  No. 19.)  Petitioner's three consolidated claims are as follows.  First, that Respondent denied Petitioner

6  his due process rights under the Fifth and Fourteenth Amendments by mishandling DNA evidence and

7  failing to notify defense counsel of insufficient evidence for testing.  (Dkt. No. 1.)  He claims that these

8  errors caused delays in the trial that violated his Sixth Amendment right to a speedy trial.  (*Id.*)  Second,

9  Petitioner contends that he was denied his Sixth Amendment right to effective assistance of counsel

10  because his defense counsel (a) did not request independent testing of all evidence, and (b) did not object

11  to Detective Rider's testimony during trial.  (*Id.*)  Third, Petitioner contends that Respondent violated his

12  due process rights and committed prosecutorial misconduct by allowing Detective Rider to testify against

13  Petitioner after observing him during the trial.  (*Id.*)

14  **II.     STANDARD OF REVIEW**

15          This Court reviews the record *de novo* when considering objections to a magistrate judge's R&R.

16  *See* 28 U.S.C. § 636(b)(1).  Under the Antiterrorism and Effective Death Penalty Act of 1996, the Court

17  must deny a habeas petition unless a state court reached a decision that is (1) "contrary to, or involved an

18  unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

19  United States"; or (2) based on an unreasonable determination of the facts in light of the evidence at trial.

20  28 U.S.C. § 2254(d).  As to the first prong, a decision is contrary to Supreme Court precedent if the state

21  court (1) arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or

22  (2) confronted facts that are materially indistinguishable from relevant Supreme Court precedent, but

23  arrived at an opposite conclusion.  *See Williams v. Taylor*, 529 U.S. 362, 405 (2000).  As to the second

24  prong, state court findings of fact are presumed to be correct unless the petitioner rebuts the presumption

25  by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

26  ORDER – 3

1

### III.   ANALYSIS

2

   *A.   Petitioner exhausted all of his remedies available in state court.*

3    This Court may grant habeas petitions only after an applicant has "exhausted the remedies

4    available in the courts of the state."  28 U.S.C. § 2254(b)(1)(A).  The petitioner must present each claim

5    to the State's highest court.  *Ylst v. Nunnemaker,* 501 U.S. 797, 801 (1991) ("If the last state court to be

6    presented with a particular federal claim reaches the merits, it removes any bar to federal court review

7    that might otherwise have been available.").  Washington Rules of Appellate Procedure grant the state

8    supreme court and court of appeals original jurisdiction in personal restraint proceedings in which the

9    death penalty has not been decreed.  WASH. R. APP. P.  ("RAP") 16.3(c).

10    All of Petitioner's claims have been exhausted in the Washington Supreme Court, and therefore

11    this court may consider his habeas petition.  There is no dispute that Petitioner presented his first two

12    consolidated claims to the state supreme court at least twice, and was denied on the merits each time.

13    (AR Exs. 6, 7, 11–15.)  Petitioner raised his third consolidated claim in his PRP filed directly in the state

14    supreme court.  (AR Ex. 14.)  Respondent argues that by filing that PRP directly in the supreme court,

15    Petitioner denied the court of appeals the opportunity to rule on the claim.  In fact, the Washington State

16    Supreme Court has original jurisdiction over a PRP pursuant to RAP 16.3(c). Ordinarily, the supreme

17    court transfers the petitions to the court of appeals, *see* RAP 16.3(c), but in this case decided to rule

18    against Petitioner directly.  (AR Ex. 15.)  Petitioner's third claim is thus properly exhausted.

19    *B.   Petitioner is not entitled to an evidentiary hearing.*

20    Petitioner requests an evidentiary hearing to establish (1) that Respondent intentionally

21    mishandled the evidence, and (2) that he was denied effective assistance of counsel.  (Dkt. No. 20 at 7.)

22    An evidentiary hearing is appropriate only if "(A) the claim relies on . . . a factual predicate that could not

23    have been previously discovered through the exercise of due diligence; and (B) the facts underlying the

24    claim would be sufficient to establish by clear and convincing evidence that but for constitutional error,

25

26    ORDER – 4

1  no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C.

2  § 2254(e)(2)(A)(ii)–(B).

3    Petitioner fails to meet both of the statutory requirements.  First, he does not rely on any

4  previously undisclosed facts.  Second, even if Petitioner proved that Respondent intentionally mishandled

5  the evidence, or that his defense counsel was ineffective, a reasonable factfinder would still find him guilty

6  of the underlying offense of first degree rape.  *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994 ).

7  Any mishandling of evidence that may have occurred during the transfer process is overshadowed by the

8  independent confirmation that DNA recovered from the victim's underwear matched Petitioner's DNA.

9  The Court declines to hold an evidentiary hearing.

10    C.  *Petitioner's objections to the R&R are denied.*

11    Petitioner objects to the R&R for failing to properly analyze each of his claims under the standard

12  set forth in 28 U.S.C. § 2254.  Petitioner's objections are denied for the following reasons.

13    1.  *Due process and speedy trial claim.*

14    Petitioner first contends that Respondent violated his due process rights under the Fifth and

15  Fourteenth Amendments by mishandling DNA evidence and breaching the stipulation.  These errors

16  caused delays in the trial, which, he claims, violated his Sixth Amendment right to a speedy trial.  (Dkt.

17  No. 1.)  Petitioner is correct that Respondent was required to notify the laboratory if there was

18  insufficient material for retesting, but there was sufficient material to retest in this case.  As the court of

19  appeals pointed out, when Respondent learned that the defense lab did not receive DNA evidence to

20  retest, "the State immediately sent the remaining portion of [the victim's] underpants with approximately

21  half of the original semen stain still intact to Technical Associates, Inc. for testing."  (AR Ex. 3 at 4–5.)

22  The results from the independent testing "matched [the results] reached by the Washington State Patrol

23  Crime Laboratory."  (*Id.*)  The defense was thus able to test independently the same evidence tested by

24  Respondent and both results matched Petitioner's DNA to the DNA found in the victim's underwear.

25  The state courts thus properly concluded that Petitioner's due process rights were not violated.

26  ORDER – 5

1  Petitioner does not cite, nor can this Court find, any federal law that the state courts violated in reaching

2  their conclusion.

3              2.      *Ineffective assistance of counsel claim.*

4          Petitioner next contends that he was denied effective assistance of counsel because his defense

5  counsel did not request independent testing of all evidence and did not object to Detective Rider's

6  testimony during trial. (Dkt. No. 1.)  To support his claim, Petitioner must show (1) that his counsel's

7  performance was objectively unreasonable, and (2) that the deficient performance resulted in prejudice.

8  *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).

9          The Washington Court of Appeals held that there was "no showing that the trial counsel's

10  performance was deficient, let alone that any deficiency prejudiced Goodwin." (AR Ex. 10 at 2–3.)

11  During trial, defense counsel called into question the adequacy of the police investigation and hired a

12  DNA expert to conduct an independent DNA test of the stain from the victim's underwear.  (*Id.*)  The

13  court of appeals concluded that "Goodwin has not explained why additional testing would likely have

14  changed the outcome of his trial.  Nothing suggests that someone else's DNA would be found on the

15  evidence Goodwin now claims should have been tested." (*Id.*)  The Washington State Supreme Court

16  agreed that "Petitioner provides no record or other materials suggesting that additional items processed

17  or found during the investigation, including a strand of hair and vaginal swabs, would have pointed to

18  another suspect." (AR Ex. 12 at 1–2.)

19          The state court of appeals and state supreme court correctly concluded that Petitioner did not

20  receive ineffective assistance of counsel under the two-part *Strickland* test.  Petitioner does not cite, nor

21  can this Court find, any federal law that the state courts violated in reaching their conclusion.

22              3.      *Prosecutorial misconduct claim.*

23          Finally, Petitioner contends that Respondent violated his due process rights and committed

24  prosecutorial misconduct by allowing Detective Rider to testify against him after observing Petitioner

25  during trial.  To succeed on this claim, Petitioner must show that the prosecutor's conduct affected the

26  ORDER – 6

1   jury's ability to evaluate the evidence fairly and thereby violated Petitioner's right to a fair trial.  *See*

2   *Thompson v. Borg*, 74 F.3d 1571, 1576 (9th Cir. 1996).

3          The Washington State Supreme Court correctly concluded that petitioner failed to show

4   prosecutorial misconduct.  This Court agrees with the supreme court's conclusion that even if Detective

5   Rider's testimony was improper, the victim's underwear with the perpetrator's semen was "properly

6   admitted" and matched Petitioner's DNA.  (AR Ex. 15 at 1–2.)  In light of all the evidence, Petitioner

7   failed to show that Detective Rider's testimony "actually and substantially prejudiced him or resulted in a

8   complete miscarriage of justice."  (*Id.*)  The supreme court properly concluded that Detective Rider's

9   testimony did not arise from prosecutorial misconduct and did not violate Petitioner's due process rights.

10  Petitioner does not cite, nor can this Court find, any federal law that the state courts violated in reaching

11  these conclusions.

12  **IV.    CONCLUSION**

13         For the foregoing reasons, the Court ADOPTS the Report and Recommendation and DENIES

14  the habeas petition.  The Clerk is DIRECTED to send copies of this Order to Petitioner, Respondent, and

15  Magistrate Judge Theiler.

16         SO ORDERED this 20th day of July, 2006.

18  _____

19  UNITED STATES DISTRICT JUDGE

26  ORDER – 7